UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RODNEY BRANHAM,

       Plaintiff,

v.                                                 Case No. 2:04-CV-286

DONALD MANSFIELD, et al.,           HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the report and recommendation issued August 5, 2009. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment and dismiss the case in its entirety. The magistrate judge concluded that Defendants failed to carry their burden of demonstrating they are entitled to summary judgment on their affirmative defense of failure to exhaust. However, he concluded that Defendants are entitled to summary judgment on the merits of Plaintiff's claims.

First, the magistrate judge concluded that Defendants Mansfield, Andrews, and Bouchard are entitled to summary judgment on Plaintiff's access to the courts claim because Plaintiff failed to demonstrate that he suffered an actual injury. Plaintiff claimed that these Defendants violated his First Amendment rights by refusing to mail legal mail to the U.S. courts and the Michigan Attorney General. The magistrate judge concluded that summary judgment should be granted on this claim because Plaintiff failed to show that the alleged interference with Plaintiff's legal mail affected a direct appeal, a habeas corpus petition, or a civil rights claim.

Second, the magistrate judge concluded that Defendants Mansfield, Andrews, and Bouchard are entitled to summary judgment on Plaintiff's claim that they violated his First Amendment associational rights by interfering with his legal mail. The magistrate judge observed that four disbursement authorization legal mail forms showed that Plaintiff's request to send mail to the Michigan Attorney General and U.S. District Court on November 8, 2004, and November 15, 2004, were denied for insufficient funds. However, legal mail was sent to both the U.S. District Court and the Michigan Attorney General on November 19, 2004. The magistrate judge concluded that, to the extent prisoners retain a right to freedom of association while incarcerated, such right was not violated by a ten-day delay in sending out Plaintiff's mail.

Third, regarding Plaintiff's claim that Defendant Hough violated Plaintiff's right of access to the courts by not processing legal mail given to him on a Friday until the following Monday, thereby causing Plaintiff to miss a Michigan Court of Appeals deadline, the magistrate judge concluded that Plaintiff's own delay in submitting his motion for mailing was the cause of the motion being rejected as untimely. More specifically, the magistrate judge pointed out that the notation on the disbursement authorization indicated that Plaintiff submitted the mail on Friday, June 6, 2003, at 3:45 p.m. and that the motion was placed in the mail on Monday, June 9, 2003, at 10:00 a.m. Thus, the magistrate judge observed, it was unreasonable for Plaintiff to expect that mail submitted at 3:45 p.m. would be sent out the same day.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted in its entirety.

The Court has reviewed Plaintiff's Objections and finds nothing therein suggesting that the magistrate judge erred in his recommendations. Regarding the access to the courts claim against

2

Defendants Mansfield, Andrews, and Bouchard, Plaintiff appears to reference his June 6, 2003 Motion for Rehearing that he submitted to Defendant Hough for mailing on Friday June 6, 2003. However, Plaintiff fails to explain how these Defendants interfered with his timely filing of this particular document.

Regarding Plaintiff's First Amendment associational rights claim, Plaintiff references documents that Defendant Hough failed to send to the University of Michigan Law Clinic. Plaintiff does not explain what the documents pertain to or how the alleged failure to send the documents precluded Plaintiff from filing or pursuing a lawsuit. In fact, it appears that the documents, which Plaintiff describes as medical records, concern his Eighth Amendment claims that this Court dismissed in its February 4, 2005 Opinion. Thus, Plaintiff cannot show actual harm.

Finally, regarding his right of access claim against Defendant Hough, Plaintiff maintains his assertion that Defendant Hough should have mailed his motion out in the morning on June 6, 2003, but Plaintiff fails to explain how Defendant Hough could have done so when the motion was not submitted for mailing until 3:45 p.m. on June 6. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 5, 2009 (docket no. 71) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (construed as a Motion for Summary Judgment) (docket no. 63 ) is **GRANTED**.

This case is **concluded**.


Dated: September 23, 2009                                /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE